THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>GOLDKING HOLDINGS, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 13-12820 (BLS)<br>(Jointly Administered)<br><br>Related to Docket No. 46<br>Hearing Date: November 20, 2013 at 11:00 a.m. |

### RESPONSE IN SUPPORT OF MOTION OF
### LEONARD C. TALLERINE, JR. AND GOLDKING LT CAPITAL
### CORP. TO TRANSFER VENUE OF THESE CASES

White Oak Energy V, LLC ("Energy V") and White Oak Operating Company, LLC ("OPCO" and together with Energy V, "White Oak"), by and through undersigned counsel, hereby file their Response (the "Response") in Support of Motion of Leonard C. Tallerine Jr. and Goldking LT Capital Corp. to Transfer Venue of these Cases (the "Venue Motion"). In support of the Response, White Oak represents as follows:

1. White Oak is a creditor and party in interest in these cases. White Oak's commercial relationship with Debtors relates back to a 2010 sale transaction between Energy V and Goldking Holdings, LLC. In connection therewith, the parties executed the Purchase and Sale Agreement dated July 19, 2010 by and between Energy V and Goldking Holdings, LLC (the "Original Purchase Agreement"), as amended by the Third Amendment to Purchase and Sale Agreement dated August 31, 2010 (the "Third Amendment").

2. Pursuant to the Third Amendment, there was a $950,000 performance bond which relates to property at the Berry Lake Field in Iberville Parish, Louisiana.

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Goldking Holdings, LLC (2614); Goldking Onshore Operating, LLC (2653); and Goldking Resources, LLC (2682). The mailing address for the Debtors is 777 Walker Street, Suite 2500, Houston, TX 77002.

ACTIVE 23257104v2

3. In addition, in connection with the 2010 transaction, there was a $500,000 "holdback" owing to Energy V. Once certain consents to transfers were obtained from third parties, Energy V was then entitled to payment of the holdback amount.

4. Since the acquisition, there have been disputes between the Debtors and White Oak relating to the performance bond and the holdback. In July 2013, the parties entered into a Compromise and Forbearance Agreement (the Forbearance"). That agreement, among other things, provides for the replacement of the current performance bond on the terms and conditions set forth in the Forbearance. Also, the holdback owing to White Oak was reduced to $300,000 and secured by a deed of trust on certain properties.

5. As acknowledged on the Debtors' petitions, OPCO holds an unsecured claim equal to at least $164,686.76 against the Debtors [D.I. 1]. In fact, OPCO's claim is listed as the second largest unsecured claim against the Debtors. This pre-petition claim relates to an obligation owing to OPCO under an operating agreement.

6. Further, White Oak holds certain other contingent contractual and indemnification claims relating to the property which it sold to the Debtors in the 2010 transaction including, without limitation, in relation to uncapped oil and gas wells.[2]

7. White Oak supports the Venue Motion. Pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 1014(a)(1), the Court may grant the requested relief if it is established that a transfer of venue is in (a) the interest of justice or (b) the convenience of the parties. The standard is met under either prong.

8. First, as set forth in the Venue Motion, all Debtors' operations lie in either Texas or Louisiana. Due to the Debtors' ties to that region, the interest of justice weighs strongly in

---

[2] White Oak reserves all rights to file or amend any claim against the Debtors and to assert a statutory lien, if available, under applicable law with respect to any of the aforementioned obligations.

favor of transferring venue. This is especially the case considering the Debtors' ties to the localities potentially impacted by the Debtors' operations and these filings.

9. Second, as a significant creditor and party in interest in relation to the Debtors who is based in Houston, Texas, White Oak submits that the convenience of creditors strongly weighs in favor of granting the Venue Motion. Indeed, in addition to itself most of White Oak's fellow creditors listed on the Debtors' petition are concentrated in this region.

10. Here, the statutory "watchdog" in a chapter 11 case – a creditors' committee – has not been appointed. Under these circumstances, the transfer of venue in these cases would greatly ease the administrative burden on individual creditors like White Oak and the associated costs of taking an active role in these cases.

WHEREFORE, for the foregoing reasons, White Oak requests that the Court grant the Venue Motion and grant all other relief as is deemed just and proper.

Dated: November 18, 2013
Wilmington, Delaware

FOX ROTHSCHILD LLP

Jeffrey M. Schlerf (No. 3047)
919 N. Market St., Suite 1600
Wilmington, Delaware 19801
Telephone: 302.654.7444
Facsimile: 302.656.8920

*Counsel to White Oak*